UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

BRIMA JALLOH,

                Defendant.
_____

REPORT & RECOMMENDATION

19-MJ-4098
20-MR-6113

        On September 3, 2019, defense counsel filed a motion pursuant to 18 U.S.C. § 4241(a) for a hearing to determine the mental competency of the defendant.  (Docket # 13). The government did not oppose the issuance of an order requiring the defendant to undergo a psychological evaluation on the issue of competence.  (*See* Docket # 15).  Finding reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the Court scheduled a competency hearing for October 4, 2019, which was thereafter adjourned.  (Docket ## 15, 18, 19).  The Court further ordered, pursuant to 18 U.S.C. § 4241(b), that the defendant undergo a psychiatric or psychological examination, with the results of such examination to be reported to the Court and counsel.  (Docket # 15).

        Prior to the competency hearing, the Court received a report dated October 15, 2019 (the "October 2019 Report") reflecting the results of defendant's psychiatric examination, which opined that defendant was currently competent to stand trial.  (Docket # 20).  At the subsequent court appearance, on November 8, 2019, the defense requested an adjournment of the

scheduled hearing.  (Docket # 22).  Thereafter, the defense engaged a forensic psychiatrist to evaluate the defendant and, following that evaluation, advised the Court that the defendant does not contest his current competence to proceed.  (Docket # 45).  Neither party requested a hearing.  (Docket ## 45, 47).  Both counsel for the government and the defendant requested that the findings in the October 2019 Report be adopted and the defendant be adjudged competent to stand trial.  (Docket ## 45, 47).  Upon careful review of the thorough report, this Court finds by a preponderance of the evidence that the defendant is not presently suffering from a mental disease or defect that would render him mentally incompetent to the extent that he would be unable to understand the nature and consequences of the proceedings against him or render him unable to assist properly in his defense.  *See* 18 U.S.C. § 4241(d).  Accordingly, it is the recommendation of this Court that the defendant be determined competent to stand trial.

        *s/Marian W. Payson*
        MARIAN W. PAYSON
        United States Magistrate Judge

Dated: Rochester, New York
      September 22, 2020

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                                           *s/Marian W. Payson*
                                                          MARIAN W. PAYSON
                                                   United States Magistrate Judge

Dated: Rochester, New York
        September 22, 2020

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).